UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY PERKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-408 CEJ |
| | ) | |
| CITY OF ST. LOUIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $16.00, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, the Court will require plaintiff to submit an amended complaint.

### **Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff is a prisoner confined in the St. Louis Medium Security Institution (MSI). In the complaint he describes a litany of conditions in the facility that are unsanitary and unsafe. Among other things, plaintiff alleges that he has been bitten by a brown recluse spider and exposed to black mold which made him sick. Plaintiff asserts that he has received insufficient treatment for his medical problems. Plaintiff also alleges that he burned his hand while working in the kitchen because of unsafe conditions. According to plaintiff, the kitchen is condemned, and inmates are served food out of trash cans.

Plaintiff brings this action against the City of St. Louis; Corizon, Inc.; Jeffery Carson, Superintendent; Dale Glass, Commissioner; and C.B.M. Managed Services (C.B.M.) which allegedly manages the kitchen and food service at MSI.

## Discussion

Plaintiff does not state whether he is suing the defendants in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of

naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint is frivolous with respect to the plaintiff's municipal liability claims against the City of St. Louis and his official capacity claims against Jeffery Carson and Dale Glass.

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). In order to state a claim against Corizon, plaintiff must allege that there was a policy, custom or official action that caused an actionable injury. *Sanders v. Sears Roebuck & Co.*, 984 F.2d 972, 95-76 (8th Cir. 1993). Plaintiff has not alleged that Corizon's official policies or customs caused him to be denied medical care. Therefore, his allegations against Corizon fail to state a claim upon which relief can be granted.

Finally, to hold C.B.M. liable, plaintiff must also allege that its official policy or custom led to his hand injury. *Id.* He has not made any such allegations.

Because plaintiff is proceeding pro se, the Court will allow him to file an amended complaint. The amended complaint must be submitted on a court-provided complaint form. **All** of the plaintiff's claims and **all** defendants being sued must be set forth in the complaint form. The Court will not search through supplemental and prior pleadings in order to piece together plaintiff's claims, nor will it require the defendants to do so.

Plaintiff is advised that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings and supplements. *See, e.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922, 928 (8th Cir. 2005). Any claims that were asserted in the original complaint but are not included in the amended complaint will be deemed abandoned and will not be considered. *Id.*

In the "Caption" section of the amended complaint, plaintiff must state the name of each defendant he wishes to sue. In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under the name, plaintiff should (1) set forth in the factual allegations supporting his claim(s) against that defendant, as well as the constitutional right(s) that he claims that defendant violated and (2) state whether the defendant is being sued in his/her individual capacity, official capacity, or both. Plaintiff should then proceed in the same manner with each of the remaining defendants.

The amended complaint must contain short and plain statements showing that plaintiff is entitled to relief. The allegations must be simple, concise, and direct, and the numbered paragraphs must each be limited to a single set of

circumstances. Plaintiff must sign the amended complaint before returning it to the Court for filing. The amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $16.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that the Clerk is directed to send plaintiff a prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall have until **March 29, 2017** to file an amended complaint on the court-provided form.

**Plaintiff is advised that failure to comply with this Order may result in dismissal of this action.**

Dated this 7th day of March, 2017.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350.00 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).